#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KERRY SEAMAN, individually, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-CV-665-GKF-FHM |
| ) | |
| JAROD MITCHELL, individually, ) | |
| NANCY BELL, individually, ) | |
| MIKE DENTON, individually, ) | |
| JASON WOODRUFF, individually, ) | |
| LEM MUTII, individually, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the court is the Defendants' Motion to Amend Proposed Pretrial Order [Docket No. 71]. Defendants seek to excise two portions of Section VII of the proposed Pretrial Order submitted to the court on April 8, 2009, wherein plaintiff seeks to insert a claim which was not contained in the proposed pretrial order previously submitted to the court at the Final Pretrial Conference held on March 4, 2009. This matter is set for jury trial next Monday, April 20, 2009. Plaintiff seeks to insert the claim that defendants' "failure to treat for O.C. spray" was unreasonable under the circumstances in violation of the plaintiff's Constitutional rights.

At the Final Pretrial Conference held March 4, 2009, the parties submitted a proposed Pretrial Order wherein, in Section VII(1) thereof, the parties set forth, in pertinent part:

> VII. <u>The following issues of law, and no other, remain to be litigated upon the trial</u>:
>
> 1. Whether the Defendants' use of force was reasonable or unreasonable under the circumstances in violation of the Plaintiff's Constitutional rights.

There was no discussion at the Final Pretrial Conference concerning a proposed claim of "failure to treat for O.C. spray." Rather, the substantive discussion relating to the proposed Pretrial Order that day related to the plaintiff's counsel's misunderstanding of the defendant's qualified immunity defense, which was reflected in Section VII(3) of the proposed order, wherein plaintiff's counsel objected to the inclusion of the issue of qualified immunity "because qualified immunity is a legal determination that has already been made by the court." The court explained to counsel that its denial of the defendant's motion for summary judgment did not remove the qualified immunity issue from the jury's consideration because, as in *Maestas v. Lujan*, 351 F.3d 1001, 1009 (10th Cir. 2003), the qualified immunity analysis hinges on whose version of the facts are believed. Thus, qualified immunity raises a jury question. In that light, the court directed counsel to submit an amended proposed Pretrial Order by March 30, 2009.

On April 8, 2009, the parties submitted a new proposed Pretrial Order. Plaintiff's counsel reframed the issue presented in Section VII(1) in such a way as to raise a claim which had not previously been raised in the Complaint or the previous proposed Pretrial Order:

> Whether the Defendants use of force **and failure to treat for O.C. spray** was reasonable or unreasonable under the circumstances in violation of the Plaintiff's Constitutional rights. (Emphasis added.)

Plaintiff's counsel also inserted a new issue of fact which had not previously been raised in the Complaint or the previous proposed Pretrial Order, and had not been discussed at the Final Pretrial Conference:

> 4. Was the failure of the defendants to treat the Plaintiff for O.C. spray objectively reasonable?

Defendants contend plaintiff added the new claim in an untimely and improper manner, and they would be unfairly prejudiced if the new claim is permitted at this late date. In response, Plaintiff

points to a statement made on page 26 of his response to defendant's motion for summary judgment, where he stated that "all of the Defendant officers are liable to the Plaintiff for their lack of an immediate response to alleviate the harmful effects of the OC spray." [Document 39]. The brief mention in a response brief, which occurred long after discovery cutoff, does not remedy plaintiff's failure to plead the theory of liability in his Complaint.

At the hearing on the defendant's motion for summary judgment on February 5, 2009, the court asked plaintiff's counsel on the record whether it was correct that "essentially, we are left with section 1983 excessive force claims."[1] Plaintiff's counsel agreed. Plaintiff cannot insert a new theory of liability into the Pretrial Order at this late date, only days before jury trial.

WHEREFORE, Defendants' Motion to Amend Proposed Pretrial Order [Docket No. 71] is granted.

IT IS SO ORDERED this 16th day of April 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[1] The excessive force claims related to two separate incidents – the first occurred when officers escorted Plaintiff down a cellblock hallway; the second involved the alleged use of excessive force in the application of pepper spray to plaintiff's crotch area after plaintiff was placed in a holding cell. The new allegation of failure to treat the application of pepper spray in a timely manner is related to the second excessive force claim, but is distinct.

3