IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KERRY SEAMAN, individually, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 07-CV-665-GKF-FHM |
| JAROD MITCHELL, individually, | ) |
| NANCY BELL, individually, | ) |
| MIKE DENTON, individually, | ) |
| JASON WOODRUFF, individually, and | ) |
| LEM MUTII, individually, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is defendants' Motion for Attorney Fees and Costs. Plaintiff has not responded to the motion.

**A. Attorneys' Fees**

Defendants seek an award of attorney fees pursuant to 28 U.S.C. § 1927, which states:

> "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

*Braley v. Campbell*, 832 F.2d 1504, 1511 (10th Cir. 1987).[1]  This action was tried to a jury on April

---

[1] Defendants intially mention 42 U.S.C. § 1988(b) as a basis for awarding fees, but in the body of the motion and the prayer for relief they seek fees pursuant to 28 U.S.C. § 1927. Upon review, the court construes the motion as one for fees under § 1927 alone. Were the motion one for fees under § 1988(b), it would be denied, as defendants do not meet the "demanding standard" for such an award – "only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Olsen v. Aebersold*, 149 Fed.Appx. 750, 752 (10th Cir. 2005). As this Court wrote in its Opinion and Order of April 16, 2009, the issue of qualified immunity in this case was properly one for a jury because, as in *Maestas v. Lujan*, 351 F.3d 1001, 1009 (10th Cir. 2003), the qualified immunity issue hinged on whose version of the facts and events on the videotape were to be believed. In light of that jury question, which involved reviewing the available videotapes and judging the credibility of the witnesses, this Court would be unable to

20-23, 2009. After the jury deliberated and returned Special Interrogatories on disputed issues of material fact relevant to defendants' affirmative defense of qualified immunity, the Court concluded that defendants were each entitled to qualified immunity, and the Court entered a Judgment in favor of defendants.

Under § 1927, a court may assess an award of fees against an attorney appearing before the court if (1) the actions of the attorney multiply the proceedings and (2) the attorney's actions are vexatious and unreasonable. *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985); *Shackelford v. Courtesy Ford, Inc.*, 96 F.Supp.2d 1140, 1144 (D.Colo. 2000). Actions are considered vexatious and unreasonable if the attorney acts in bad faith, or if the attorney's conduct constitutes a reckless disregard of the duty owed by counsel to the court. *Braley*, 832 F.2d at 1511-12. Section 1927 sanctions may be imposed where counsel persists in a position or in prosecution of a claim after it becomes clear that the position or claim is unfounded. *Dreiling*, 768 F.2d at 1166; *Shackelford*, 96 F.Supp. 2d at 1144. A lawyer becomes subject to § 1927 sanctions

> by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law . . . . A lawyer's reckless indifference to the law may impose substantial costs on the adverse party. Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care.

*Braley*, 832 F.2d at 1511 (quoting *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)).

In this case, plaintiff's counsel improperly multiplied the proceedings by vexatious and unreasonable conduct in a number of respects, set forth below:

On October 31, 2008, plaintiff's counsel filed a Motion to Amend his Complaint. On November 14, 2008, plaintiff's counsel filed a Motion for Joinder of additional parties defendant.

---

find that the demanding standard for a fee award under § 1988(b) is met in this case.

However, the deadline for filing motions to join additional parties and amend pleadings had passed over six (6) months before, on April 8, 2008. It is clear that the facts underlying the proposed amendment were known to plaintiff's counsel at the time this suit was filed. The Court denied the motions by Minute Orders entered before defendants filed a response, but defendants incurred fees, reflected in Exhibit 1 to defendants' motion, in researching a drafting a objection to plaintiff's motions.

Under the Court's Second Amended Scheduling Order, expert witness reports were to be exchanged on or before October 15, 2008, and discovery cutoff was November 14, 2008. Plaintiff did not provide any reports of any expert witness for the plaintiff. On October 27, 2008, counsel for defendants wrote to counsel for plaintiff requesting deposition dates and confirming that plaintiff did not intend on using an expert. Plaintiff's counsel did not respond relative to the inquiry regarding any expert witness for plaintiff. On December 16, 2008, plaintiff's counsel moved for an extension of time to respond to defendants' motion for summary judgment, stating that plaintiff had an expert witness who needed to do additional work before plaintiff could file a response.

The actions of plaintiff's counsel required defendants' counsel to file a response in opposition to the motion for extension of time to respond to the motion for summary judgment [Docket No. 37], to file a motion to strike the response brief and expert witness [Docket No. 41] and a response in opposition to plaintiff's motion to file an expert report out of time [Docket No. 46]. In addition, on January 29, 2009, although this case was set for Final Pretrial Conference only weeks away, plaintiff's counsel filed a Motion to Consolidate this action with a newly-filed separate action against the municipality for which the defendant officers worked. As part of the reasons for consolidation, counsel stated that he had gone through "a great deal of time and expense to locate an expert witness

who could testify regarding the claims against the individual officers **and** the claims against the [municipality]." As a result of plaintiff's counsel's continued attempts to belatedly insert an expert into the trial of the case against defendants, counsel for defendants was required to file a response in opposition to plaintiff's motion to consolidate cases [Docket No. 58].

On January 23, 2009, the Court was forced to strike the dispositive motion hearing set February 5, 2009, because the pending Motion for Summary Judgment would not yet be ripe in light of the plaintiff's Motion to File Expert Report Out-of-Time and the Motion to Strike Expert Report, both of which had not yet been fully briefed.

Finally, on April 16, 2009, only four days prior to jury trial, and plaintiff's counsel filed an opposed motion to have plaintiff's treating physician's testimony taken by video deposition. Plaintiff's counsel had been aware of the physician's unavailability on or about February 17, 2009, but did not request that the deposition be taken by video until the Thursday prior to trial. Plaintiff's counsels' conduct resulted in defendants' counsel having to prepare and file a response in opposition to the motion [Doc. No. 77].

The Court finds that, by ignoring or failing to adhere to the Court's deadlines, and by continuing to press for consideration of the belated expert's report long after the applicable deadlines had passed, plaintiff's counsel improperly multiplied the proceedings by vexatious and unreasonable conduct and caused defendants to incur unnecessary and excessive costs in preparing the filings specifically set forth above.

Upon review of the billing forms of defendants' counsel appended to the motion, this Court finds and concludes that defendants incurred unnecessary and excessive fees in the amount of $4,300.00 as a result of plaintiff's counsels' conduct.

## B. Costs

Local Rule 54.1 requires that a prevailing party who seeks to recover costs against an unsuccessful party "shall file a bill of costs on the form provided by the Court Clerk." Although defendants recite the rule in their brief, and state that such a bill was filed concurrently with the motion, the docket does not reflect such a filing. As no bill of costs was filed, the motion for costs must be denied.

For the reasons set forth above, defendants' Motion for Attorney Fees and Costs [Doc. No. 89] is granted in part as to attorney fees in the amount of $ 4,300.00, and denied in part as to costs.

**IT IS SO ORDERED** this 24th day of July 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma